IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. GOLDSTEIN and LYNNE A. GOLDSTEIN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| PROGRESSIVE PREFERRED INSURANCE COMPANY and AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, | ) ) ) ) ) ) |
| Defendants. | ) |

2:20-cv-0294-RJC

Judge Robert J. Colville

**OPINION**

Robert J. Colville, United States District Judge

      Before the Court is the Motion to Dismiss and, alternatively, Motion for More Definite Statement, (ECF No. 13) filed by Defendant American Bankers Insurance Company of Florida ("American Bankers"). American Bankers seeks dismissal of the claims brought against it in the Complaint (ECF No. 1) filed by Plaintiffs Michael A. Goldstein ("Mr. Goldstein") and Lynne A. Goldstein ("Mrs. Goldstein") (collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(1) and, alternatively, Rule 12(b)(6), and also moves in the alternative for a more definite statement pursuant to Rule 12(e). The Motion to Dismiss filed by American Bankers has been fully briefed, and is ripe for disposition.

1

I.       **Factual Background & Procedural History**

In their Complaint, Plaintiffs set forth the following allegations relevant to the Motion to Dismiss filed by American Bankers:

On March 7, 2016, Mr. Goldstein was involved in a collision (the "Accident") in which the motorcycle he was operating collided with a vehicle that had suddenly decelerated and/or stopped in the roadway ahead of Mr. Goldstein, resulting in Mr. Goldstein sustaining severe injuries. Compl. ¶¶ 8-15, ECF No. 1. The vehicle with which Mr. Goldstein's motorcycle collided was being negligently operated by Diane Murrell Jackson, *id.* at ¶¶ 9-11, who was afforded liability insurance coverage through a policy which provided for bodily injury liability limits of coverage of $25,000.00 per person issued to the vehicle's owner by State Farm Mutual Insurance Company ("State Farm"), *id.* at ¶ 17. Following the Accident, Plaintiffs made a claim for, and received, the bodily injury liability limits of coverage of $25,000.00 from State Farm. *Id.* at ¶ 18. Mr. Goldstein's motorcycle was insured by a policy issued to Mr. Goldstein by Dairyland Insurance Company ("Dairyland") which included underinsured motorist ("UIM") coverage limits in the amount of $250,000.00 per person. *Id.* at ¶ 19. Following the Accident, Plaintiffs also made a claim for, and received, the $250,000.00 UIM coverage limits from Dairyland. *Id.* at ¶ 20. The payments made by Dairyland and State Farm were inadequate to fully compensate for Plaintiffs' injuries sustained as a result of the Accident. *Id.* at ¶ 21.

At the time of the Accident, Plaintiffs were also the named insureds and policyholders under a motor vehicle insurance policy issued by Defendant Progressive Preferred Insurance Company ("Progressive") for three vehicles which included UIM limits of coverage of $250,000.00 per person, stacked for each of the three vehicles, for aggregate UIM coverage in the amount of $750,000.00. Compl. ¶ 22, ECF No. 1. At the time of the Accident, Mr. Goldstein was

also the named insured and policyholder under a motor vehicle insurance policy issued by American Bankers for two automobiles which included UIM limits of coverage of $100,000.00 per person, stacked for each of the two vehicles, for aggregate UIM coverage in the amount of $200,000.00.[1]  *Id.* at ¶ 23.  Plaintiffs' damages sustained as a result of the Accident meet or exceed the total of the payments by State Farm and Dairyland and the total of the UIM coverage limits under the Progressive and American Bankers policies.  *Id.* at ¶ 25.  Plaintiffs have made claims for UIM benefits to each of the Defendants, but neither Defendant has offered any amount on the claims, and neither has consented to arbitrate the claims.  *Id.* at ¶ 29.

Plaintiffs filed their Complaint on February 27, 2020.  Progressive filed an Answer (ECF No. 12) to Plaintiffs' Complaint on April 12, 2020, and also filed an Amendment (ECF No. 21) to that Answer on May 18, 2020 which asserts a Crossclaim[2] for contribution against American Bankers.  American Bankers filed its Motion to Dismiss and, alternatively, Motion for More Definite Statement on April 28, 2020, along with a Brief in Support (ECF No. 14).  Plaintiffs filed a Brief in Opposition (ECF No. 16) on May 8, 2020.  On May 11, 2020, Plaintiffs filed a Supplemental Brief in Opposition (ECF No. 17), through which Plaintiffs: (1) withdrew their request for sanctions respecting the Certificate of Conferral attached to American Bankers' Motion to Dismiss; (2) withdrew their request that the Court deny the Motion on the basis of the Certificate of Conferral; and (3) requested that the Court deny the Motion on the merits.  Supplemental Br. 2, ECF No. 17.  American Bankers filed a Reply (ECF No. 20) on May 15, 2020.

---

[1] American Bankers identifies this policy as: "Antique & Collectible Vehicle Policy, Policy No.: AVP 2185591" (the "Policy").  *See* Br. in Supp. 2, ECF No. 14.  The Policy is attached as Exhibit A to American Bankers' Motion to Dismiss.

[2] American Bankers moved for, *see* Mot. 3, ECF No. 23, and this Court granted, *see* Order, ECF No. 24, an extension of time of twenty-one days after the date that this Court rules on American Bankers' pending Motion to Dismiss for American Bankers to respond to Progressive's Crossclaim.

## II.     Legal Standards

### A.  Fed. R. Civ. P. 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the "court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  The party asserting the existence of federal jurisdiction bears the burden of proving that jurisdiction over the subject matter actually exists. *Brown v. Tucci*, C.A. No. 12-1769, 2013 WL 2190145 (W.D. Pa. May 20, 2013) (citing *Development Finance Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)).

There are two types of Rule 12(b)(1) motions.  A "facial" attack assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  The United States Court of Appeals for the Third Circuit has explained:

> In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering Plough Corp.*, 678 F.3d at 243 (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000)) (internal quotation marks omitted).  Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party.

*Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  A "factual" attack, on the other hand, argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations is untrue, causing the case to fall outside the court's jurisdiction. *Id*.  In such a case, "no presumptive truthfulness attaches to plaintiff's allegations" and the court must evaluate the merits of the disputed allegations because "the trial court's ... very power to hear the case" is at issue. *Id*.  With a factual attack, the Court is free to consider evidence

outside the pleadings and weigh that evidence. *Petruska*, 462 F.3d at 302 n.3; *see also Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 n.3 (quoting *Mortenson*, 549 F.2d at 891).

### B. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

5

"stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts generally grant leave to amend unless amendment of the complaint would be inequitable or futile. *See, e.g., Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d

6

900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)).

### C. Fed. R. Civ. P. 12(e)

Federal Rule of Civil Procedure 12(e) often serves as a corollary to pleading standards under Rule 8(a). Rule 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction[;] ... the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought, which may include ... different types of relief." Fed. R. Civ. Pro. 8(a). Where the complaint is lacking in this regard:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

12 Fed. R. Civ. Pro. 12(e). A motion for a more definite statement is not a substitute for the discovery process, and such motions are not favored. *Dolbin v. Tony's LLC*, No. 3:19-CV-1662, 2020 WL 5505664, at *11–12 (M.D. Pa. Aug. 13, 2020), *report and recommendation adopted*, No. 3:19-CV-1662, 2020 WL 5506433 (M.D. Pa. Sept. 11, 2020) (citing *Wheeler v. United States Postal Service*, 120 F.R.D. 487, 488 (M.D. Pa. 1987)). Motions for a more definite statement are typically only granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Id*.

### III. Discussion

American Bankers asserts that Plaintiffs' claims against American Bankers should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because: (1) Plaintiffs do not have Article III standing to bring their claim because the claim is not ripe; and (2) Plaintiffs' claim does not satisfy the jurisdictional threshold for diversity jurisdiction in federal court under 28 U.S.C. § 1332. Br. in Supp. 1, ECF No. 13. American Bankers further asserts that

Plaintiffs' claims against it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs have not been denied coverage and have thus not stated a claim upon which relief may be granted. *Id.* Finally, American Bankers moves in the alternative for a more definite statement pursuant to Fed. R. Civ. P. 12(e), specifically arguing that, "[w]ithout a more specific pleading, American Bankers cannot determine if Plaintiffs' UIM claim has a value in excess of the $275,000.00 that Plaintiffs have already received, or importantly, whether the claim is in excess of $350,000.00 (i.e., the $250,000.00 already received, plus $75,000.00 to trigger diversity jurisdiction) . . . ." *Id.* at 9.

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

American Bankers asserts that its Motion raises a facial attack with respect to this Court's subject matter jurisdiction because the Court can resolve the Motion based only on the allegations of the Complaint and the documents referenced therein and attached thereto. Br. in Supp. 4, ECF No. 14. Under Article III of the United States Constitution, "[t]he existence of a case and [or] controversy is a prerequisite to all federal actions." *Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F.3d 164, 174 (3d Cir. 2001) (quoting *Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 319, 322 (3d Cir. 1998)). "The Article III case-or-controversy requirement includes ripeness and standing requirements." *Joint Stock*, 266 F.3d at 174. There are three requirements for standing under Article III: 1) injury-in-fact, 2) causation, and 3) redressability. *See generally*, U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). With respect to the injury-in-fact requirement, the Supreme Court of the United States has explained:

> An injury sufficient to satisfy Article III must be "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" An allegation of future injury may suffice if the threatened injury is "certainly impending," or there is a "'substantial risk' that the harm will occur."

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citations omitted).

8

With respect to the ripeness requirement, the United States Court of Appeals for the Third Circuit has explained that "[t]he ripeness doctrine serves to 'determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004) (quoting *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003)). In determining whether a case is ripe, courts generally examine: "(1) 'the fitness of the issues for judicial decision,' and (2) 'the hardship of the parties of withholding court consideration.'" *Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir. 2006) (quoting *Khodara*, 376 F.3d at 196). "A dispute is not ripe for judicial determination 'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Wyatt, Virgin Islands, Inc.*, 385 F.3d 801, 806 (3d Cir. 2004) (quoting *Doe v. County of Centre, PA*, 242 F.3d 437, 453 (3d Cir. 2001)). The Third Circuit has noted that the ripeness and standing requirements "are related and to some degree overlap." *Joint Stock*, 266 F.3d at 174 (citing *Pic–A–State Pa., Inc. v. Reno*, 76 F.3d 1294, 1298 n.1 (3d Cir.1996); *Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 411 n.13 (3d Cir.1992)).

American Bankers asserts that, because only sixteen days had elapsed between Plaintiffs' first notice to American Bankers of any potential UIM claim and the filing of the instant action, Plaintiffs' claims are not ripe because Plaintiffs have not properly sought, or been denied, UIM coverage at this juncture. Br. in Supp. 6, ECF No. 14. American Bankers argues that, because Plaintiffs do not allege that American Bankers has denied coverage or refused to arbitrate, Plaintiffs cannot establish an injury-in-fact and thus do not have standing to bring the present action against American Bankers. *Id.* at 6-7.

9

Initially, while not explicitly labeled as such in the Complaint, it is clear that Plaintiffs' claims against American Bankers sound in breach of contract. "Under Pennsylvania law, a plaintiff asserting a claim for breach of contract must allege 'the existence of a contract, including its essential terms; . . . a breach of a duty imposed by the contract; and . . . resultant damage.'" *Williamson v. Chubb Indem. Ins. Co.*, No. 11-CV-6476, 2012 WL 760838, at *5 (E.D. Pa. Mar. 8, 2012) (quoting *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 580 (Pa. Super. 2003)). Plaintiffs assert that Plaintiffs' damages sustained as a result of the Accident meet or exceed the total of the payments by State Farm and Dairyland and the total of the UIM coverage limits under the Progressive and American Bankers policies. Compl. ¶ 25, ECF No. 1. Plaintiffs further assert that Plaintiffs made a claim to American Bankers for UIM benefits under the Policy, which provides for UIM coverage, *id.* at ¶ 23, and that American Bankers has not offered to pay any amount on the claim and has not consented to arbitrate the claim, *id.* at ¶ 29.[3] As such, the Court concludes that Plaintiffs assert a breach of contract claim based on American Bankers' alleged failure to comply with the UIM provision of the Policy.

With respect to when the statute of limitations begins to run in a breach of contact case involving an insured's assertion that an insurer failed to pay UM/UIM benefits, the Supreme Court of Pennsylvania has explained:

> We conclude the proper circumstance to start the running of the limitation period is an alleged breach of the insurance contract, which will be occasioned in this context by a denial of a claim or the refusal to arbitrate. This is the point when "the cause of action accrued." 42 Pa.C.S. § 5502(a). . . .
>
> Because it is undisputed that Erie has not refused arbitration or denied coverage in this case, it follows that Bristol had no accrued cause of action to initiate through the court either by complaint or motion to compel arbitration.

---

[3] Importantly, Plaintiffs do not allege that American Bankers denied their claim or explicitly refused to arbitrate the claim.

10

*Erie Ins. Exch. v. Bristol*, 174 A.3d 578, 589–90 (Pa. 2017) (footnote omitted); *see also LM Gen. Ins. Co. v. LeBrun*, 470 F. Supp. 3d 440, 460 (E.D. Pa. 2020) ("Here, neither Sharon nor Ed LeBrun allege that they sought, or were denied, UM benefits. As a result, we find that Article III is not satisfied as to the UM claims.").

Because Plaintiffs do not plead or argue that American Bankers has denied coverage or refused to arbitrate, any claim against American Bankers for breach of contract has not yet accrued. Any injury asserted by Plaintiffs absent a denial of their claim or a refusal to arbitrate on the part of American Bankers is merely hypothetical or conjectural, and cannot be said to be certainly impending given that Pennsylvania law clearly holds that no claim for breach of contract has yet accrued under the Policy. Moreover, any claim for breach of contract against American Bankers is, at this time, based upon contingent future events that may not occur as anticipated, or events that may not occur at all. Accordingly, the Court finds that Plaintiffs' claims against American Bankers are not ripe and fail to set forth an injury-in-fact at this juncture. As such, any claim against American Bankers fails to satisfy the Article III standing and ripeness requirements, and thus fails to set forth a case or controversy. The Court thus finds that it does not have subject matter jurisdiction over Plaintiffs' claims against American Bankers, and will, accordingly, dismiss Plaintiffs' claims against American Bankers without prejudice to Plaintiffs raising the claims should they accrue in the future. The court will, however, also deny leave to amend in the present action at this time because amendment would be futile absent a denial of coverage or a refusal to arbitrate on the part of American Bankers.

In response to American Bankers' Motion, Plaintiffs argue that the Policy "permits suit against [American] Bankers, and does not require breach as a prerequisite to a suit for the benefits." Br. in Opp'n 8, ECF No. 16. As discussed above, it is clear under Pennsylvania law that a claim

11

for breach of contract predicated on an insurer's failure to pay UIM benefits does not accrue until a breach of contract, i.e. a denial of coverage or refusal to arbitrate, occurs. *See Erie*, 174 A.3d at 589–90. Plaintiffs also seemingly express concern that the statute of limitations on their breach of contract claims against American Bankers could expire if this Court were to dismiss its claims against American Bankers in the present action. Br. in Opp'n 8; 10, ECF No. 16. Again, Pennsylvania law is clear, and American Bankers effectively concedes,[4] that the statute of limitations for a breach of contract claim based upon an insurer's failure to pay UIM benefits does not begin to run until a breach of the insurance contract occurs, and Plaintiffs' Complaint does not set forth a breach at this time. *See Erie*, 174 A.3d at 589–90. Finally, Plaintiffs seemingly cite to Progressive's ability, should it be found liable in this matter, to seek contribution from American Bankers as a basis for this Court's subject matter jurisdiction over Plaintiffs' claims against American Bankers. *See* Br. in Opp' 6-8, ECF No. 16. As noted above, Plaintiffs fail entirely to set forth an injury-in-fact or a ripe claim for breach of contract against American Bankers, and the fact that Progressive may eventually be entitled to contribution from American Bankers does not alter that determination.

### B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)

Because the Court has determined that Plaintiffs' claims against American Bankers should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1), the Court will not, at this time, consider American Bankers' request that this Court dismiss Plaintiffs' claims against American Bankers pursuant to Fed. R. Civ. P. 12(b)(6) or its request for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

---

[4] *See* Reply 3-4, ECF No. 20.

### IV. Conclusion

For the reasons discussed above, the Court will grant American Bankers' Motion to Dismiss to the extent it seeks dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and will dismiss Plaintiffs' claims against American Bankers without prejudice. As noted above, American Bankers moved for, *see* Mot. 3, ECF No. 23, and this Court granted, *see* Order, ECF No. 24, an extension of time of twenty-one days after the date that this Court rules on American Bankers' pending Motion to Dismiss for American Bankers to respond to Progressive's Crossclaim against American Bankers. The Court notes that, at this juncture, no party has adequately addressed the effect that the dismissal of Plaintiffs' claims against American Bankers will have with respect to Progressive's Crossclaim against American Bankers. The Third Circuit has held that "a dismissal of the original Complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant." *Aetna Ins. Co. v. Newton*, 398 F.2d 729, 734 (3d Cir. 1968) (citing *Fronmeyer v. L. & R. Construction Co., Inc.*, 139 F.Supp. 579, 585-586 (D.N.J.1956); *Picou v. Rimrock Tidelands, Inc.*, 29 F.R.D. 188 (E.D.La.1962)). In light of the above, the Court will direct American Bankers to respond to Progressive's Crossclaim within twenty-one days of this Court's Order granting the Motion to Dismiss. An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: January 5, 2020

cc/ecf: All counsel of record